IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DI'ANNA MOYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-3264-CV-S-ODS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING DISABILITY AND SUPPLEMENTAL SECURITY INCOME BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's request for review of the Commissioner's final decision denying her application for benefits under Title II and Title XVI of the Social Security Act. For the following reasons, the Commissioner's final decision is reversed and the case is remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g).

*A. The ALJ's credibility determination is not supported by substantial evidence.*

The ALJ found Plaintiff's hearing testimony was not credible because he stated that the objective evidence did not support her allegations of disabling pain and her daily activities suggested greater capabilities. (R. 24). The ALJ relied in part on a medical record from June 2003, following Plaintiff's recovery from back surgery, where Plaintiff declared her back pain was "completely resolved." However, the ALJ did not consider the numerous medical records dated subsequently that recorded Plaintiff's returning back pain and her complaints of pain in the neck, ribs, arms, hips, and legs.

The ALJ also stated that no treating physicians had imposed any significant work restrictions on Plaintiff. However, at the hearing, after reviewing the Medical Source Statement of Plaintiff's treating physician, Dr. Caster, the vocational expert testified that Plaintiff's limitations, as described by Dr. Caster, were so severe as to eliminate all work

and render Plaintiff disabled. (R. 473-74). Importantly, the ALJ stated that he found the opinion of Dr. Caster to be credible and worthy of weight. (R. 21).

Finally, the ALJ states that Plaintiff "continues to be able to perform a variety of routine household chores without significant difficulty" and "is able to drive a motor vehicle daily." (R. 24). The ALJ's characterization of Plaintiff's daily activities is inconsistent with her hearing testimony.[1] Plaintiff testified that when she drives, her arms go numb, which is why her husband is driving her. (R. 448). She also testified that her carpal tunnel syndrome causes her hand to hurt even when writing a check. (R. 450). Plaintiff further stated that "If I'm standing doing dishes, my hips go to hurting and my shoulders get heavy, like holding an iron skillet and washing it. I just can't hardly do it. I have to put it down." (R. 451). Later Plaintiff testified that walking causes her hips and lower back to hurt, and that she has to "lean up against something" if she's at a store. She also stated that "I can't even go out and rake the yard, because I hurt" and that chores around the house aggravate her pain. (R. 455). Therefore, the ALJ's analysis of Plaintiff's testimony regarding her daily activities does not accurately reflect Plaintiff's description of her limitations. Accordingly, another credibility determination is necessary.

*B. The Vocational Expert's testimony did not support the ALJ's determination that Plaintiff is able to perform jobs that exist in significant numbers in the national economy.*

In response to a hypothetical using substantially the same RFC adopted by the ALJ in this case, the vocational expert testified that such a person would be able to perform work as a general assembler, final assembler, table worker, and touch up screener. (R. 467). The vocational expert also testified that the use of a stool would be necessary to meet the sit/stand option identified in the RFC. However, the vocational

---

[1] While the ALJ's description of Plaintiff's daily activities is more consistent with the Questionnaire Plaintiff completed (R. 124-28) than it is with Plaintiff's hearing testimony, the Questionnaire was completed on January 16, 2004, almost fourteen months before the hearing. It is not clear whether the ALJ's finding is a reference to the Questionnaire or Plaintiff's testimony. Regardless, Plaintiff's medical records show a deterioration in Plaintiff's condition during that time.

2

expert's later testimony stated that the use of a stool in those identified industries would be at the discretion of the employer. (R. 475). When questioned further he stated that he had not actually observed the identified positions in seven to eight years. (R. 481-82). Because jobs the vocational expert identified would only be within Plaintiff's RFC if she can utilize a stool, whether employers in these industries offer this accommodation is critical to Plaintiff's disability determination. The ALJ's opinion did not discuss the apparent weakness in the vocational expert's testimony. Further proceedings are therefore necessary to address this issue.

*C. The ALJ's RFC determination is not supported by substantial evidence.*

The objective medical evidence in this case shows Plaintiff suffered from, among other things, carpal tunnel syndrome in the right extremity. The condition caused Plaintiff to complain of tingling and numbing sensations in the right thumb, index, and middle fingers. (R. 317). Dr. Curtis Mather diagnosed Plaintiff with carpel tunnel syndrome in the right wrist and provided a splint to be worn while sleeping and driving. (R. 319). Dr. Caster also noted Plaintiff's manipulative restrictions. (R. 325). Plaintiff testified that she could not even write a check without pain and tingling. (R. 450). Despite this evidence, the RFC adopted by the ALJ specifically stated Plaintiff had no manipulative limitations. Additionally, the vocational expert stated that the jobs he identified would require constant reaching, handling, and fingering. (R. 474). Accordingly, a new determination on Plaintiff's residual functional capacity is required.

The Commissioner's final decision is reversed, and the case is remanded for further proceedings consistent with this Order. Plaintiff will be allowed to supplement the evidence in this case with her updated medical records.

IT IS SO ORDERED.

DATE: June 26, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

3